UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Henry Floyd Gilchrist**, *aka Henry Gilchrist*; and **Linda Gilchrist**, </br></br> Plaintiffs, </br></br> vs. </br></br> **Marshall Clement Sanford, Jr.**, *Governor of South Carolina*; and **South Carolina Legislators**, </br></br> Defendants. | C/A No. 7:06-1152-GRA-WMC </br></br> **Report and Recommendation** |

# *Background of this Case*

The plaintiffs are residents of Campobello, which is located in northern Spartanburg County, South Carolina. Plaintiff Henry Gilchrist has many prior cases filed in the United States District Court for the District of South Carolina. The above-captioned case is the first case filed by Linda Gilchrist in this federal district court.

The two plaintiffs have brought suit against the Governor of South Carolina and the "South Carolina Legislators" to challenge the constitutionality of "***South Carolina's State Auto Insurance Laws***[,]" which allegedly allow

1

auto insurance providers and auto insurance agencies "to use cancellation as ***a Right Under the Law***, and whereby, this right is being unfairly practiced in an illegal manner, to force higher premiums, and to avoid insurance payouts, after a claim arise [sic] from an accident." The plaintiffs allege that several automobile insurance companies and agencies have engaged in unfair trade practices, including excessive premiums and cancellation of policies.

The plaintiffs seek various types of relief. The relief requested includes: (1) "***'Law Reform'***, for Auto Insurance Agents" in South Carolina; (2) an emergency injunction with respect to two automobile insurance agencies and with respect to a traffic ticket for driving under suspension; (3) a declaration from the Governor of South Carolina to designate South Carolina as a "No-Fault-State" and the issuance of three declarations relating to subrogation, driver's license suspensions, and the duties of traffic officers at accident scenes; (4) a "Sanction Order" entered for breach of an auto insurance contract against the Permanent General Assurance Company of Ohio; (5) sanctions against the South Carolina Insurance Commission and the Attorney General of South Carolina for allowing automobile insurance agencies and companies to "form a collusion" against automobile insurance consumers in South Carolina; and (6) a federal and state investigation into the corruption

of five automobile insurance companies and agencies for illegal cancellation of automobile insurance policies in South Carolina.

# *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02, D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

an initial screening of a *pro se* filing).[2] This court is required to construe *pro se* complaints and petitions liberally. *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

The defendants have obviously acted under color of state law because they were, at all relevant times, enacting and amending South Carolina's motor vehicle insurance laws. *See* Hafer v. Melo, 502 U.S. 21, 116 L.Ed.2d 301, 112 S.Ct. 358, 1991 U.S. LEXIS® 6502 (1991); and West v. Atkins, 487 U.S. 42, 50, 101 L.Ed.2d 40, 108 S.Ct. 2250, 1988 U.S. LEXIS® 2744 (1988)("Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.").

Since South Carolina's motor vehicle insurance laws are the results of legislative enactments, it is clear that the Governor of South Carolina and the individual members of the General Assembly were, at all relevant times, acting in their official capacities. Hence, this case is subject to summary dismissal under the Eleventh Amendment. *See, e.g.,* Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age Discrimination in

Employment Act [ADEA] applicable to States); Alden v. Maine, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Board of Corrections, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and Simmons v. South Carolina State Highway Dept., 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Moreover, even if the plaintiffs had sued the defendants in their individual capacities or personal capacities, the defendants would be entitled to summary dismissal because of legislative immunity.  *See* Bogan v. Scott-Harris, 523 U.S. 44, 140 L.Ed.2d 79, 118 S.Ct. 966, 1998 U.S. LEXIS® 1596 (1998)(legislators at all levels of government are entitled to immunity for "legislative activities"); Tenney v. Brandhove, 341 U.S. 367 (1951); and Haskell v. Washington Township, 864 F.2d 1266, 1277, 1988 U.S.App. LEXIS® 17124 (6th Cir. 1988)("legislators of any political subdivision of a state are absolutely immune from liability under 42 U.S.C. § 1983 insofar as they are acting in a legislative capacity").  *See also* Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 403, 59 L.Ed.2d 401, 99

S.Ct. 1171 (1979)(legislative immunity extends to "regional" legislatures); and Rabkin v. Dean, 856 F. Supp. 543, 546, 1994 U.S.Dist. LEXIS® 13702 (N.D.Cal. 1994). Furthermore, a federal district court may not ask present or former members of legislative bodies why they passed or did not pass a particular statute, or why they authorized funds for one purpose and did not authorize funds for another purpose. South Carolina Education Association v. Campbell, 883 F.2d 1251, 1989 U.S.App. LEXIS® 12938 (4th Cir. 1989), *cert. denied*, 493 U.S. 1077 (1990). *Cf.* Sea Cabin on Ocean IV Homeowners Association v. City of North Myrtle Beach, 828 F. Supp. 1241, 1242 n. 1, 1993 U.S.Dist. LEXIS® 11079 (D.S.C. 1993).

Although Governor Sanford is not a member of the General Assembly, he still has legislative immunity for signing a bill into law. Women's Emergency Network v. Jeb Bush, 323 F.3d 937, 950, 2003 U.S.App. LEXIS® 4036 (11th Cir. 2003)("Under the doctrine of absolute legislative immunity, a governor cannot be sued for signing a bill into law."), which cites Supreme Court of Virginia v. Consumers Union of U. S., Inc., 446 U.S. 719, 64 L.Ed.2d 641, 100 S.Ct. 1967, 1980 U.S. LEXIS® 108 (1980).

The plaintiffs have a judicial remedy available to them in state court. The plaintiffs can bring an action challenging the constitutionality of South

Carolina's insurance laws in a Court of Common Pleas, such as the Court of Common Pleas for Spartanburg County.  For the plaintiffs' future reference, the mailing address of the Clerk of Court for Spartanburg County (*i.e.*, the Clerk of the Court of Common Pleas for Spartanburg County) is:

**Marcus Kitchens, Clerk of Court for Spartanburg County**
**Post Office Box 3483**
**Spartanburg, South Carolina 29304**

(2005-2006 South Carolina Lawyers Desk Book [published by the South Carolina Bar], at page 559).

In this civil action, the plaintiffs are not entitled to a federal or state criminal investigation of various automobile insurance companies and agencies listed in the complaint.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)(a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); Diamond v. Charles, 476 U.S. 54, 64-65 (1986)(*applying* Linda R.S. v. Richard D. and collecting cases); Doyle v. Oklahoma State Bar Ass'n, 998 F.2d 1559, 1566-1567, 1993 U.S. App. LEXIS® 18064 (10th Cir. 1993); Lane v. Correll, 434 F.2d 598, 600 (5th Cir. 1970); Nader v. Saxbe, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C.Cir. 1974)(n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular

individual, a practice shunned by American courts."); and <u>United States v. Passman</u>, 465 F. Supp. 736, 741 & n. 13 (W.D.La. 1979)("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *Cf.* <u>Neitzke v. Williams</u>, <u>supra</u> (although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint may be dismissed). *See also* <u>Collins v. Palczewski</u>, 841 F. Supp. 333, 340, 1993 U.S.Dist. LEXIS® 18960 (D.Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). *Cf*. <u>Community for Creative Non-Violence v. Pierce</u>, 252 U.S.App.D.C. 37, 786 F.2d 1199, 1201-1202 (D.C.Cir. 1986)(denying motion to disqualify Office of the United States Attorney). Furthermore, since the plaintiffs do not have a judicially cognizable interest in the criminal prosecution of another person, the plaintiffs lack standing to raise such a claim. <u>Linda R.S. v. Richard D.</u>, <u>supra</u>, 410 U.S. at 619.

Closely on point is <u>Leeke v. Timmerman</u>, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In <u>Leeke v. Timmerman</u>, inmates who were

allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In <u>Leeke v. Timmerman</u>, the Supreme Court of the United States reiterated its earlier holding in <u>Linda R.S. v. Richard D.</u>, <u>supra</u>, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. <u>Leeke v. Timmerman</u>, <u>supra</u>, 454 U.S. at 86-87. Moreover, in its opinion in <u>Leeke v. Timmerman</u>, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See* <u>Leeke v. Timmerman</u>, <u>supra</u>, 454 U.S. at 87 n. 2, *citing* <u>State v. Addison</u>, 2 S.C. 356, 364 (1871). Since the plaintiffs do not have standing to seek a criminal investigation or criminal charges, such relief requested by the plaintiffs cannot be granted in the above-captioned case.

# *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* <u>Denton v. Hernandez</u>, <u>supra</u>; <u>Neitzke v. Williams</u>, <u>supra</u>;

Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" § 1915(d)].  *See also* In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened); and Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS® 18180 (2nd Cir. 2000)("District courts . . . are . . . capable of determining when an action is frivolous.  Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiffs' attention is directed to the Notice on the next page.

                                                  /s/ William M. Catoe
                                                  WILLIAM M. CATOE
                                                  UNITED STATES MAGISTRATE JUDGE

April 19, 2006
Greenville, South Carolina

**<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>**
**&**

# <u>The **Serious Consequences** of a Failure to Do So</u>

The plaintiffs are, hereby, notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \*\*\* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. \*\*\* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiffs of the consequences of a failure to file specific, written objections.** *See* <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**