UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Henry Floyd Gilchrist, *aka Henry Gilchrist*; and Linda Gilchrist,<br><br>                              Plaintiffs,<br><br>     v.<br><br>Marshall Clement Sanford, Jr., Governor of South Carolina; and South Carolina Legislators,<br><br>                              Defendants. | C/A No. 7:06-1152-GRA-WMC<br><br><br><br>ORDER |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on April 19, 2006, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiffs brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.

Liberally construed, plaintiffs allege that defendants have deprived them of their constitutional rights under color of state law by enacting certain state auto insurance laws. These laws allegedly allow insurers to use cancellation as a right under the law to engage in unfair practices such as forcing higher premiums and avoiding insurance pay-outs after an accident. The magistrate recommended that this case be dismissed without prejudice and without issuance and service of process because defendants were protected by the 11th Amendment as to their actions taken in an official capacity, defendants enjoyed legislative immunity if they had been sued individually, and plaintiffs lacked standing to sue for the criminal prosecution of another person.

1

Plaintiffs bring this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiffs filed objections to the Report and Recommendation on May 5, 2006.

Plaintiffs object to the magistrate referring to the fact that Plaintiff Henry Gilchrist has had "many prior cases filed in the United States District Court for the District of South Carolina," claiming that this unfairly prejudices their case. The Court

2

does not find this phrase to be unfairly prejudicial. Mere reference to the frequency of a party's filings in a particular court does not demonstrate prejudice, and the Court notes that the statement is true. Even assuming that inclusion of this phrase was in error, the Court does not find that it had any effect on the magistrate's recommendation.

Plaintiffs object to the magistrate stating that "plaintiffs have brought suit against the Governor of South Carolina and the South Carolina Legislators." Plaintiffs claim that this is not a suit against these individuals, but a challenge of the constitutionality of the insurance laws with these individuals named as representatives of the state. This Court notes that the named defendants in this lawsuit are the governor and state legislators. Even if the defendants are named in their representative capacity and the state is the true party defendant, the Eleventh Amendment clearly bars plaintiffs' suit in federal court..*Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984).*

Plaintiffs object on the basis that U.S. Magistrate William M. Catoe has a conflict of interest. In support of this, plaintiffs allege that Judge Catoe has ruled unfavorably against Plaintiff Henry Gilchrist in previous cases. Adverse judicial rulings alone almost never constitute a valid basis for recusal. The alleged bias to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case. *United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)*. Here, plaintiffs do not claim that the

3

alleged bias stemmed from an extrajudicial source. The Court finds that this objection has no merit.

Plaintiffs make contradictory objections that their case should have been heard by a U.S. Magistrate and that their case should have been referred to a sitting U.S. District Chief Judge. Both objections are without merit because the case has been reviewed by a U.S. Magistrate in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.

Plaintiffs object that "Auto Insurance Agencies, and the Auto Insurance Companies are not immune from accountability of State Imposed Statutes." Although the Eleventh Amendment generally does not bar suit against corporations, the auto insurance companies are not named defendants in this case.

Plaintiffs object to the magistrate's discussion of available remedies in state court, claiming that in fact they do not have any such remedy in state court. The Court declines to decide this issue. The question of whether a remedy exists in state court has no bearing on whether the claims are proper in this Court.

Plaintiffs object that they are seeking a civil investigation and not a criminal prosecution as the magistrate contends. Even assuming that the Court has authority to conduct such an investigation, plaintiffs' suit is still barred by the Eleventh Amendment.

Plaintiffs' remaining objections not already addressed herein fail to specifically

4

object to the contents of the Report and Recommendations, and therefore no explanation by this Court is necessary.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
September 6, 2006.

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.